J-S56021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SERGEY UTEKHIN | : | |
| | : | |
| Appellant | : | No. 759 EDA 2018 |

Appeal from the Judgment of Sentence July 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010607-2016

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 20, 2019**

Appellant, Sergey Utekhin, appeals from the judgment of sentence entered on July 19, 2017, as made final by the denial of Appellant's post-sentence motion on January 24, 2018.  We affirm.

The trial court thoroughly summarized the underlying facts of this case:

> From 2014 through 2016, [Appellant] had been burning leaves and garbage almost every day in his backyard which is located next to Complainant's, [I.A.'s], house.  [I.A.] testified that she would go next door to speak to [Appellant] multiple times about the burning, but he would respond with "f**k you."  After [I.A.] ask[ed Appellant] to stop burning leaves and garbage, he began to stalk her.  [I.A.] stated that [Appellant] would appear near her house and approach her at night telling her "not to contact the police, the fire department, the human services, air control agency" because those were places she had previously contacted. [Appellant] told [I.A.] that "if you contact the police one more time, I will dig you into the ground."  Additionally, after every court hearing that was scheduled, [Appellant] would tell [I.A.] "if you show up in court tomorrow, you will see what I do to you."  Furthermore, [Appellant] has stated to [I.A.], "I will

kill you, I will put you away, I will put you to jail, you, your family, and your kids." Whenever [I.A.] was sitting in her yard, [Appellant] would "jump over the fence and would insult [her] saying, b***h, slut."

Whenever [Appellant] came onto [I.A.'s] property and told her that he was going to kill her, she would call the police because she was frightened. Additionally, [Appellant] would put construction signs underneath her car and put notes with "F you" and a swastika in her mailbox. [I.A.] stated that she was in fear of her life and her children's lives and would not leave the house in the evening because [Appellant] would circle around her house. Because of [Appellant's] behavior, [I.A.] decided to install video cameras on her property. Commonwealth introduced several stills of the videos which depicted [Appellant] putting construction signs under [I.A.'s] garage, [Appellant] placing construction signs underneath the car owned by her son, and the smoke emitting from [Appellant's] burning of trash. The timestamp on the videos was May 9, 2016.

[Appellant's] counsel argue[d] that the date filed on the complaint was in late 2016 to early 2017. [The] Commonwealth stipulated that the date of the complaint is April 29, 2016. The court stated that the date of occurrence was April 1, 2016. [Appellant's] counsel asked [I.A.] to give him a specific date of the incident. [I.A.] responded that [Appellant's] actions have been on going from 2014 to now 2017.

[Appellant] was asked by [the] Commonwealth was he burning fires between the years of 2014 through 2016; which he answered "Yes. Yes." [The] Commonwealth then asked [Appellant] whether he was aware that the smoke was bothering [I.A.]; [] he responded "why would I know? She never complained." However, when [the] Commonwealth asked [Appellant] do they not get along because [Appellant] refuses to stop burning fires, [Appellant] stated in the affirmative "yes." [Appellant's] counsel then asked [Appellant] whether he burned any fires on April 1, 2016, [Appellant] stated "probably, yes. I don't recall." [Appellant] also claims to have never spoken to the police nor had the police come to his home about any incidents throughout 2014 to 2016. However, [the] Commonwealth produced incident

- 2 -

reports that ranged in dates from 2014-2016. [Appellant] testified that he has a memory problem due to a brain injury resulting from a home invasion. However, the court asked, "Now, does that injury that you sustained in any way effect your ability to understand what's going on today?" [Appellant] stated, "I understand what's going on today." . . .

The [trial] court found [I.A.'s] testimony credible and accepted it in full. The [trial] court found [Appellant's] testimony to not be credible and did not accept it in full. Furthermore, the [trial] court found "that the memory issue is a red herring. There's been no medical testimony to testify properly to this court or any documentation that was stipulated to that this man has any memory problem. And counsel knows that you can't use lay evidence to substantiate a medical disability of this nature. Counsel knows that well."

Trial Court Opinion, 3/8/19, at 1-4 (citations and some corrections and capitalization omitted).

At the conclusion of Appellant's bench trial, the trial court found Appellant guilty of terroristic threats and harassment.[1] N.T. Trial, 7/19/17, at 65. On October 4, 2017, the trial court sentenced Appellant to serve a term of three years of probation for the terroristic threats conviction. No further penalty was imposed for Appellant's harassment conviction.

Following the denial of Appellant's post-sentence motion, Appellant filed a timely notice of appeal. Appellant raises three claims on appeal:

[1.] Whether the trial court erred in finding that the Commonwealth produced sufficient evidence to prove beyond a reasonable doubt that Appellant committed the crimes charged where the Commonwealth introduced no evidence at trial of the date on which the alleged acts were committed[?]

---

[1] 18 Pa.C.S.A. §§ 2706(a)(1) and 2709(a)(1), respectively.

- 3 -

[2.] Whether the trial court erred in finding that the Commonwealth proved Appellant guilty of terroristic threats beyond a reasonable doubt where the evidence showed that Appellant did not act with the true intent to terrorize[?]

[3.] Whether the trial court erred in denying Appellant's post-sentence motion for a new trial where the verdict was against the weight of the evidence[?]

Appellant's Brief at 4 (some capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Vincent L. Johnson. We conclude that Appellant is not entitled to relief in this case and that Judge Johnson's March 8, 2019 opinion meticulously and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of Judge Johnson's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Johnson's March 8, 2019 opinion with the victim's name redacted.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/19